IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH BRADEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-574 |
| | ) | |
| COUNTY OF WASHINGTON and | ) | |
| THE COURT OF COMMON PLEAS OF | ) | |
| WASHINGTON COUNTY, PENNSYLVANIA, | ) | |
| | ) | |
| Defendants. | ) | |

AMBROSE, Chief District Judge.

# Opinion
# And
# Order of Court

The Plaintiff, Deborah Braden (hereinafter as "Braden"), brings claims of retaliation and interference with Family and Medical Leave Act (hereinafter as "FMLA") rights under 29 U.S.C. §2615(a)(1) & (2) against Defendants, County of Washington (hereinafter as "County") and the Court of Common Pleas of Washington County (hereinafter as "Court of Common Pleas"). The County and the Court of Common Pleas both move to dismiss Braden's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Additionally, the County moves in the alternative for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. Since the Eleventh Amendment's immunity applies to the Court of Common Pleas their motion is granted. Since Braden's Complaint does states a claim upon which relief can be granted with respect to the County and the Complaint is not unintelligible or exceedingly vague, the County's motion is denied.

1

#### FACTUAL BACKGROUND

Unless otherwise indicated, the facts are taken from Braden's Complaint.

Braden was employed as an IRS Coordinator by the defendants. Braden began her employment with the defendants in July of 1990. Both the County and the Court of Common Pleas are political subdivisions of the Commonwealth of Pennsylvania. Braden took family and medical leave for a serious health condition from December 10, 2007 to December 12, 2007. The County had approved Braden's FMLA request on December 11, 2007. Upon Braden's return to work on December 13, 2007, she was terminated based upon allegedly unsatisfactory attendance.

Braden claims that at least some of her absences for which she was allegedly fired, were covered under the FMLA. Braden claims that her termination was retaliation for her exercising her FMLA rights and claims her termination interfered with said FMLA rights.

### Legal Standard

In ruling on a 12(b)(6) motion for failure to state a claim, it must be considered whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Bell Atlantic Corp. v. Twombly, --- U.S. ----,127 S.Ct. 1955, 1969 (2007); see also Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008) (analyzing Twombly); Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("The allegations of the complaint . . . should 'plausibly suggest' that the pleader is entitled to relief."). In so doing, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed them in the light most

favorable to the plaintiff. Phillips, 515 F.3d at 231. Although a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65; Phillips, 515 F.3d at 231. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965 (internal citations omitted). In short:

> "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965) (alteration in original).

When ruling upon a 12(b)(6) motion, the court may consider only the allegations contained in the complaint, exhibits attached to the complaint, matters of public record, and items appearing in the record of the case. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1195 (3d Cir. 1993). Other matters outside the pleadings should not be considered.

A motion for more definite statement may succeed if a pleading is "so vague and ambiguous "that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The notice pleading standard imposed by the federal rules merely "requires a plaintiff to provide the opponent with fair notice of a claim and the grounds on which that claim is based." Kanter v. Barella, 489 F.3d 170, 175 (3d Cir. 2007). Accordingly, "[m]otions for more definite statement are generally disfavored, and should [be granted only] if a pleading is unintelligible, making it virtually

impossible for the opposing party to craft a responsive pleading." Synagro-WWT v. Rush Tp., Penn., 204 F. Supp. 2d 827, 849-850 (M.D. Pa. 2002).

## ANALYSIS

### A. County of Washington's Motion to Dismiss or in the Alternative, Motion for a More Definite Statement

As a preliminary matter, I must determine if certain materials extrinsic to the Complaint will be considered with respect to this motion. Attached to the County's motion is what is referred to as an "undisputedly authentic letter of termination" to show that the Court of Common Pleas terminated Braden's employment. (Docket No. 10 at 2). The County argues that this termination letter is the kind of evidence that, regardless of it being extraneous to the Complaint, may be considered on a motion to dismiss as it is a document essential to Braden's claim. See Pension Benefit, 998 F.2d at 1196. (An undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document may be considered.).

Upon review of the termination letter, I find that it is not an essential document to Braden's claim. Braden has pled that she was fired by the defendants on December 13, 2007. (Docket No. 1 at ¶9). It is not pled how her termination was conveyed to her and if it was effectuated by the letter offered by the County or by other means. The letter is neither referred or alluded to in Braden's Complaint. Thus, the purported letter of termination is not a document that is essential to the Complaint and need not be considered by the court on a motion to dismiss.

However, when facts outside the complaint are presented in a motion to dismiss, the motion may be converted into a motion for summary judgment under Fed.R.Civ.P 12(d).

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the

> pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed.R.Civ.P. 12(d) (2007). In Braden's brief in opposition she attached several documents that are also extraneous to the Complaint. However, she states that said documents should be considered only if the motion is converted into a motion for summary judgment. Braden argues against such a conversion because it would be prejudicial to her with out discovery, as she is not reasonably able to "present all material that is pertinent to the motion" at this time. Since converting this motion into a motion for summary judgment would prejudice Braden, the County's motion will be considered as a motion to dismiss under Fed.R.Civ.P. 12(b)(6) and therefore only the contents of the Complaint will be considered.

The County's argument is that Braden, an employee in the domestic relations section of the Court of Common Pleas cannot, as a matter of law, be an employee of the County for FMLA purposes. Nowhere in Braden's complaint, however, is it alleged that she works in the domestic relations section. Such facts as who Braden's employer was and the structure of her employment are the types of facts that must be uncovered through discovery. Braden has pled that the County is her employer and the County approved her FMLA leave and in accepting this as true, Braden has pled "'enough factual matter (taken as true) to suggest' the required element[s]" for her FMLA claim. Phillips, 515 F.3d at 234 (citing Twombly, 127 S.Ct. at 1965).

Furthermore, even under the County's substantive reasons for dismissal, factual development will be required to address the issues properly. The County argues that the regulations under the FMLA do not allow for the County and the Court of Common Pleas to both be Braden's employers.

5

They argue that the "joint employer" test, 29 C.F.R. §825.106, cannot apply to "public agencies" such as themselves and the integrated "public agency" test, 29 C.F.R. §825.108, shows that they are not an integrated employer with the Court of Common Pleas. However, the "public agency" test which the County does not dispute is applicable, requires the development and presentation of certain facts as to the structure of the agency. "The ultimate determination as to the status of a public agency requires a *factual* and legal inquiry." Miller v. County of Rockingham, No. 5:06CV0053, 2007 WL 990135, *3 (W.D.Va. March 30, 2007) (citing Rollins v. Wilson County Government, 154 F.3d 626, 629 (6th Cir. 1998))(emphasis added). Indeed, the one case that the County cites in support of the position that the "joint employer" test does not apply, is an opinion on a motion for summary judgment where the court had allowed discovery and denied a motion to dismiss on practically the same arguments the County has presented here. See Miller v. County of Rockingham, No. 5:06CV0053, 2007 WL 2317434 (W.D.Va. Aug. 9, 2007)(motion for summary judgment); Miller, 2007 WL 990135 (motion to dismiss). Thus, in taking all factual allegation in the Complaint as true, Braden has stated a claim upon which relief could be granted and the County's motion to dismiss is denied.

The County argues in the alternative that Braden's complaint fails to allege sufficient facts to support a joint employer theory and that a more definite statement pursuant to Fed.R.Civ.P. 12(e) is required. The County is mistaken that Braden must plead specific facts of joint employment to satisfy her Fed.R.Civ.P. 8(a) obligations. Braden states she was employed by the County, the County approved her FMLA leave and that her employment was terminated by the County. There is no reason, based on Braden's Complaint, why the County could not reasonably prepare a responsive pleading. To that end, the County's motion for a more definite statement is denied.

**B. Court of Common Pleas of Washington County's Motion to Dismiss**

The Court of Common Pleas argues that it is entitled to sovereign immunity under the Eleventh Amendment and it has not waived its right not to be sued in federal court. Braden argues that Congress abrogated the Eleventh Amendment when it enacted the FMLA or in the alternative, that the Court of Common Pleas has waived its Eleventh Amendment immunity.

The FMLA allows eligible employees to take leave for what is know as "family care" leave under 29 U.S.C. §2612(a)(1)(C) and "self care" leave under 29 U.S.C. §2612(a)(1)(D). The "family care" and "self care" sections read respectively:

> (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
> (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

29 U.S.C. §2612(a)(1)(C)&(D) (1993). In Braden's Complaint she claims she took FMLA leave for a serious health condition. (Docket No. 1 at ¶7). Thus, her claim falls under the "self care" leave provision of §2612(a)(1)(D).

It is undisputed by the parties that the Court of Common Pleas enjoys Eleventh Amendment immunity from suit in federal court. See Benn v. First Judicial District of Pennsylvania, 426 F.3d 233, 241 (3d Cir. 2005). The Supreme Court of the United States has consistently held that the Eleventh Amendment immunizes unconsenting states from suit in federal courts brought by either its citizens or citizens of another state. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984)(quoting Employees v. Missouri Public Health & Welfare Dept., 411 U.S. 279, 280 (1973)).

The Eleventh Amendment's immunity is not absolute, however, as Congress may abrogate

the Amendment's protection pursuant to their authority under section five of the Fourteenth Amendment, provided that Congress unequivocally expressed its intent to do so. See Kimel v. Florida Board of Regents, 528 U.S. 62, 73-74, 79 (2000). Congress will have validly abrogated a state's sovereign immunity when it has "unequivocally expressed its intent to abrogate that immunity; . . . [and] acted pursuant to a valid grant of constitutional authority." Tennessee v. Lane, 541 U.S. 509, 517 (2004).

The controlling issue in this motion is whether the Supreme Court's decision in Nevada Department of Human Resources v. Hibbs, 538 U.S. 721 (2003) applies to the "self care" provision of the FMLA and what is the remaining validity of Chittister v. Department of Community and Economic Development, 226 F.3d 223 (3d Cir. 2000) in light of the Supreme Court's decision. In Hibbs the Supreme Court held that the "family care" provision of the FMLA did represent a valid exercise of Congress's Fourteenth Amendment powers and thus does abrogate the Eleventh Amendment. Hibbs, 538 U.S. at 741. The Court's analysis was based upon the legislative history of the FMLA that identified a pattern of gender discrimination on the part of the states in providing leave benefits. Id. at 731. In providing a prophylactic remedy for the leave benefit discrimination Congress enacted the "family care" provision of the FMLA and the Supreme Court found the remedy to be congruent and proportional to the gender discrimination. Id. at 740. In deciding Hibbs the Court at least partially overruled Chittister, where the Third Circuit held that although the FMLA attempts to abrogate the Eleventh Amendment, the FMLA's provisions as a whole did not represent a valid exercise of Congress's power to enforce the Fourteenth Amendment. Chittister, 226 F.3d at 229.

Braden argues that Hibbs was not limited to the "family care" provision of the FMLA, but

rather, was a pronouncement that the whole of the FMLA abrogates the Eleventh Amendment, thus overruling the Third Circuit's decision in Chittister in its entirety. In support of her broad reading of Hibbs, Braden cites two cases, Montgomery v. Maryland, 72 Fed.Appx. 17 (4th Cir. 2003)(unpublished) and Bylsma v. Freeman, 346 F.3d 1324 (11th Cir. 2003). Neither of these cases are persuasive, however, as neither opinion provides any analysis as to why Hibbs applies to the whole of the FMLA and merely concludes that the FMLA abrogates the Eleventh Amendment. In addition, Bylsma appears not to even support Braden's position because in the subsequent case of Batchelor v. South Florida Water Management District, 242 Fed.Appx. 652 (11th Cir. 2007) the Eleventh Circuit held that Hibbs was limited to the "family care" provision without mentioning the decision in Bylsma.

Indeed, the Courts of Appeals that have addressed and analyzed the scope of Hibbs have unanimously read it to apply only to the "family care" provision of the FMLA. See Nelson v. University of Texas, 535 F.3d 318 (5th Cir. 2008); McKlintic v. 36th Judicial Circuit Court, 508 F.3d 875 (8th Cir. 2007); Toller v. Wis. Dept. of Corrections, 461 F.3d 871 (7th Cir. 2006); Touvell v. Ohio Dep't of Family Services, 422 F.3d 392 (6th Cir. 2005); Brockman v. Wyoming Department of Family Services, 342 F.3d 1159 (10th Cir. 2003). The gender discrimination rational used in Hibbs has not been held by any Court of Appeals to apply to "self care."

Furthermore, on two prior occasions this court has held that the Hibbs decision only involved the "family care" provisions of the FMLA and that Chittister remains valid with respect to "self care" leave. See Walker v. Department of Military and Veterans Affairs, No. 2:09cv267, 2008 WL 2433091 (W.D.Pa. June 12, 2008) (Cercone, J.); Haybarger v. Lawrence County Adult Probation and Parole, No. 06-862, 2007 WL 789657 (W.D.Pa. March 14, 2007) (Lancaster, J.). Additionally, two

9

other District Courts within the Third Circuit have come to the same conclusion that Chittister is still controlling with respect to "self care" leave. See Wampler v. Pennsylvania, Department of Labor & Industry, 508 F.Supp.2d 416 (M.D.Pa. 2007); Savage v. State of New Jersey, No. 05-2047, 2007 WL 642916 (D.N.J. Feb. 23, 2007).

The reason for the unanimity is clear as the holding of Hibbs unequivocally states "we conclude that §2612(a)(1)(C) [the "family care" provision] is congruent and proportional to its remedial object." Hibbs, 538 U.S. at 740. The Hibbs decision was clearly limited to the finding of Eleventh Amendment abrogation with respect to the "family care" provision of the FMLA. Even if the rational of Hibbs could be applied to the "self care" provision, the holding of Chittister remains binding law on the issue. Thus, Chittister's holding as to "self care" leave is controlling and the Court of Common Pleas retains the Eleventh Amendment's protection and cannot be made an unconsenting party to suit in federal court under the "self care" leave provision of the FMLA.

Braden makes the additional argument that the Eleventh Amendment immunity cannot be retained under one section of the FMLA and abrogated under another. This is plainly incorrect, as the Supreme Court has previously held that under Title I of the Americans with Disabilities Act Congress did not validly abrogate the Eleventh Amendment but under Title II the Eleventh Amendment's bar to suit was successfully removed. See Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001); Tennessee v. Lane, 541 U.S. 509 (2004). Thus, there is no impediment that prevents the Supreme Court from limiting Eleventh Amendment abrogation only to the "family care" provision of the FMLA.

Braden argues in the alternative that the Court of Common Pleas has waived its right to sovereign immunity under the Eleventh Amendment by granting and designating Braden's leave as

FMLA approved. "[W]aiver of Eleventh Amendment immunity is found only where the state 'voluntarily invokes' federal jurisdiction or where the state 'makes a clear declaration that it intends to submit itself' to federal jurisdiction." Chittister, 226 F.3d at 227 (quoting College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666 (1999)). The Pennsylvania Constitution states that "[s]uits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." Pa. Const. Art. 1 §11. Furthermore, "it is hereby declared to be the intent of the General Assembly that the Commonwealth . . . shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity" 1 Pa.C.S.A. §2310. Thus only the General Assembly has the authority to waive Pennsylvania's sovereign immunity. To date, the General Assembly has not waived sovereign immunity for FMLA claims. As a result, the Court of Common Pleas is immune from this lawsuit in this Court and their motion to dismiss must be granted and Braden's claims against the Court of Common Please dismissed with prejudice.

**ORDER OF COURT**

AND NOW, this 5th day of December, 2008, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the County of Washington's Motion to Dismiss (Docket No. 9) is denied and the Court of Common Pleas of Washington County's Motion to Dismiss (Docket No. 11) is granted and Braden's claims with respect to Court of Common Pleas of Washington County are dismissed with prejudice.

It is FURTHER ORDERED that a case management conference is scheduled for December 16th, 2008 at 10:30 A.M. before Donetta W. Ambrose.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge

Dated: December 5, 2008.

cc/ecf: All counsel of record.